UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **KERRY WALTERS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | |
| ) | CASE NO.: 5:20-cv-05043-TLB |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff states:

1. This claim against the United States of America is brought pursuant to the Federal Tort Claims Act, 28 USC Chapter 171.

2. Plaintiff Kerry Scott Walters is a citizen of the United States who resides in the State of Oklahoma.

3. The claim herein stated arose from medical care which Plaintiff received from the Veterans Administration, operating the Veterans Health Care System of the Ozarks in Fayetteville, Arkansas.

4. This Court has jurisdiction of this claim pursuant to 28 USC Sec. 1346(b)(1).

5. Venue lies with this Court pursuant to 28 USC Sec. 1402(b) in that the tort claim arises from negligent medical care provided by the Veterans Administration and its employees and agents and such negligence occurred within the geographical limits of the Western District of Arkansas.

1

6. This claim arises from the negligent diagnosis rendered by the impaired pathologist Robert Morris Levy, who was at all times herein concerned the agent and employee of the Veterans Administration.

7. In March, 2017 Plaintiff presented to the VA hospital with complaints which resulted in a biopsy being taken on or about April 4, 2017 from the right thyroid lobe.

8. The biopsy specimens were read by the impaired pathologist, Dr. Robert Morris Levy, who at all times was acting within the course and scope of his agency for the Veterans Administration.

9. The specimens were read by Dr. Levy as being benign, and Plaintiff was informed that the finding was normal.

10. In September, 2018, further workup was performed resulting in an additional biopsy which was revealed medullary thyroid carcinoma.

11. On or about December 7, 2018, a total thyroidectomy and bilateral neck dissection was performed upon Plaintiff.  The post-surgical diagnosis was metastatic medullary thyroid carcinoma and metastatic papillary thyroid carcinoma.

12. Prior to the biopsy in September, 2018, Plaintiff did not know and did not have reason to know that he had thyroid cancer.

13. Prior to being contacted by the Veterans Administration in February, 2019, Plaintiff did not know nor did he have reason to know that it was Dr. Levy who had been the pathologist who had rendered a diagnosis for the April 4, 2017 biopsy.

14. Prior to being contacted by the Veterans Administration in February, 2019, Plaintiff did not know nor did he have reason to know that the April 4, 2017 biopsy had been

misread and mis-reported as being benign when it was in actuality positive for thyroid carcinoma.

15. Because of the extraordinarily large number of issues regarding Dr. Levy, the Veterans Administration commenced a Pathology LookBack process. In connection therewith, the April 4, 2017 biopsy specimen obtained from Plaintiff was newly examined by Dr. Laura Adhikari and Dr. Evan Fowle, both of the University of Oklahoma. Both Oklahoma pathologists confirmed that the April 4, 2017 biopsy specimen was positive for thyroid cancer.

16. It was only after the Pathology LookBack interpretation by Dr's Adhikari and Folwe were positive for thyroid cancer, that the Veterans Administration notified Plaintiff in February, 2019 that the April 4, 2017 biopsy specimen had been misread by the VA and was actually positive.

17. Plaintiff thereafter filed his claim with the Veterans Administration pursuant to the Federal Tort Claims Act. The claim was signed on March 7, 2019. See, Ex. A. SF-95, attached hereto and incorporated herein by reference.

18. By letter dated May 7, 2019, the Veterans Administration acknowledged that it had received Plaintiff's tort claim on March 11, 2019. See, Ex. B, letter signed by Annie King, attached hereto and incorporated herein by reference.

19. More than six months has elapsed since Plaintiff presented this tort claim to the administrative agency involved, the Veterans Administration, and the tort claim has never been paid, resolved, or denied.

20. The injuries and damages of the Plaintiff hereinafter set forth were directly caused or directly contributed to be caused by the negligent misdiagnosis or failure to diagnose

      Plaintiff's thyroid cancer committed by the Veterans Administration, its agents and employees and in particular Dr. Levy.

21. The injuries and damages of the Plaintiff hereinafter set forth were further directly caused or directly contributed to be caused by the negligence of the Veterans Administration, the Department of Veterans Affairs, and the Veterans Health Care System of the Ozarks, and their administrators, supervisors and employees, in that they approved staff privileges for Dr. Levy, permitted him to return to practice after he had been suspended for practicing which intoxicated or otherwise impaired by drugs or alcohol, did not adequately monitor or supervise Dr. Levy when he was permitted to return to practice at the VA, and did not adequately monitor the accuracy of the diagnoses he was reporting or the adequacy of his pathology services.

22. The negligence aforesaid directly caused or directly contributed to cause Plaintiff's thyroid cancer to not be timely diagnosed in April, 2017; for the thyroid cancer to spread, enlarge, and become metastatic or for the metastasis to expand; for plaintiff to be required to undergo more extensive surgery and an expanded neck resection and tissue removal; to suffer disfigurement and physical disability, pain, suffering, and loss of enjoyment of life; and to also suffer a diminution of his life expectancy and past and future loss of earnings and lost earning capacity all to his damage in the sum of Ten Million Dollars.

WHEREFORE, Plaintiff prays judgment against defendant in the sum of Ten Million Dollars, together with his costs and for interest as provided by law.

Respectfully Submitted,

**JOHNSON, VORHEES & MARTUCCI**

By: */s/ Glenn Gulick*
Glenn Gulick
AR Bar #2013290
510 West 6th Street
Joplin, Missouri 64801
(417) 206-0100
(417) 206-0110 (fax)
glenn@4stateslaw.com
*Attorneys for Plaintiff*